UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TARRELL MOSLEY,<br><br>　　　　　　Plaintiff(s),<br><br>vs.<br><br>K. DOTY, et al.,<br><br>　　　　　　Defendant(s). | Case No. 2:14-cv-0458-JCM-NJK<br><br>**ORDER REGARDING APPLICATION TO PROCEED *IN FORMA PAUPERIS***<br><br>(Docket No. 3) |

　　　　This matter is before the Court on Plaintiff Tarrell Mosely's Application to Proceed *In Forma Pauperis*. Docket No. 3. Plaintiff is a prisoner proceeding in this action *pro se*. Plaintiff has submitted the financial affidavit and inmate trust account statement required by 28 U.S.C. § 1915(a)(2). His request to proceed *in forma pauperis* would ordinarily be granted pursuant to 28 U.S.C. § 1915(a).

　　　　However, Plaintiff's claims appear to challenge whether probable cause existed for his arrest that ultimately led to his current incarceration. *See* Docket No. 1-1 at 3-4 ("They did not have probable cause . . . If these two would of went by the law I would not be in prison . . ."). It is well settled that a federal district court does not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise. *See, e.g., Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). Moreover, the Supreme Court has held that a § 1983 action cannot be used to collaterally attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 484 (1994). In determining whether a claim is barred by *Heck*, the critical

question is whether finding in the plaintiff's favor on a § 1983 claim would necessarily imply the invalidity of his conviction or sentence. *See, e.g., Szajer v. City of Los Angeles*, 632 F.3d 607, 611 (9th Cir. 2011). Where, as here, a plaintiff asserts that there was no probable cause for the arrest leading to his conviction, such claims are generally barred by *Heck* and subject to dismissal. *See Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) ("There is no question that *Heck* bars Smithart's claims that defendants lacked probable cause to arrest him."); *see also Haack v. City of Carson City*, 2012 WL 396453, *6 (D. Nev. Sept. 10, 2012) (finding Fourth Amendment claim for arrest without probable cause barred by *Heck*).

If the court grants Plaintiff's Application to Proceed *In Forma Pauperis*, Plaintiff will be required, under 28 U.S.C. § 1915(b)(2), as amended by the Prison Litigation Reform Act of 1995, to pay the full $350 filing fee, even if his complaint is dismissed. As set forth above, the Court believes Plaintiff's claims will not survive the pleading stage. The Court will allow Plaintiff thirty days to withdraw his Application to Proceed *In Forma Pauperis*. If Plaintiff does not, the Court will grant his Application to Proceed *In Forma Pauperis*, screen Plaintiff's complaint, and order that he pay the $350 filing fee in accordance with 28 U.S.C. § 1915.

Based upon the foregoing,

**IT IS ORDERED** that:

1. Plaintiff's Application to Proceed *In Forma Pauperis* (Docket No. 3) is HELD IN ABEYANCE.
2. Plaintiff shall have until **September 29, 2014** to withdraw his Application to Proceed *In Forma Pauperis*. If he does not, the court will screen the complaint pursuant to 28 U.S.C. § 1915, recommend dismissal with leave to amend, and order Plaintiff to pay the $350 filing fee.

Dated: August 28, 2014

_____
Nancy J. Koppe
UNITED STATES MAGISTRATE JUDGE