UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| TARRELL MOSLEY, | ) | |
| Plaintiff(s), | ) ) | Case No. 2:14-cv-00458-JCM-NJK |
| vs. | ) ) | REPORT AND RECOMMENDATION |
| K. DOTY, et al., | ) ) | |
| Defendant(s). | ) ) | |

Pending before the Court is the order for Plaintiff to show cause in writing, no later than September 23, 2014, why this case should not be dismissed for his failure to update his address. Docket No. 6 (citing Local Special Rule 2-2). Plaintiff has failed to file a response. For the reasons discussed more fully below, the Court hereby **RECOMMENDS** that this case be **DISMISSED** without prejudice and the pending application to proceed *in forma pauperis* (Docket No. 3) be **DENIED** as moot.

I.  **BACKGROUND**

On August 28, 2014, the Court Clerk's office mailed to Plaintiff a notice of a Court order. Docket No. 4 (Notice of Electronic Service). That notice was returned to the Court as undeliverable, with a notation that no new address is available. Docket No. 5.[1] "A party, not the district court,

---

[1] Since that time, the Court's order to show cause has also been returned as undeliverable. *See* Docket No. 7.

bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). To that end, the Court's local rules expressly require plaintiffs to "immediately file with the Court written notification of any change of address." Local Special Rule 2-2. That rule further warns that the failure to comply "may result in dismissal of the action with prejudice." *Id.*

As a result, the Court ordered Plaintiff to show cause, no later than September 23, 2014, why this case should not be dismissed. Docket No. 6. Plaintiff failed to comply with that Court order.[2]

## II. ANALYSIS

Plaintiff has disobeyed the Local Rules that he update his address and disobeyed the Court's order that he show cause why the case should not be dismissed. Plaintiff's failure to update his address and his disobedience of a Court order are abusive litigation practices that have interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice. Sanctions less drastic than dismissal are unavailable because Plaintiff has refused to comply with the order of this Court notwithstanding the Court's warning that case-dispositive sanctions may be imposed.

Accordingly, in light of the circumstances outlined above, the Court **RECOMMENDS** that this case be **DISMISSED** without prejudice and the pending application to proceed *in forma pauperis* (Docket No. 3) be **DENIED** as moot.

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

---

[2] During this time period, the Court also reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915, and afforded Plaintiff the opportunity to voluntarily withdraw his application to proceed *in forma pauperis* in light of the Court's belief that his claims could not survive the pleading stage. *See* Docket No. 4.

1  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to
2  properly address and brief the objectionable issues waives the right to appeal the District Court's
3  order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d
4  1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).
5      IT IS SO ORDERED.
6      DATED: September 30, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge